**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jes Solar Company Limited, et al., <br> Plaintiffs, <br> v. <br> Matinee Energy Incorporated, et al., <br> Defendants. | No. CV-12-00626-TUC-DCB <br> **ORDER** |

On July 3, 2019, the Court issued an Order granting summary judgment for the Defendants Kim and Chung and entered Judgment for them and against the Plaintiffs. (Order (Doc. 496)). On July 29, 2019, the Plaintiffs filed a Motion to Alter or Amend a Judgment, pursuant to Fed. R. Civ. P. 59e. The Rule 59e motion is treated as a Motion for Reconsideration, pursuant to LRCiv. 7.2(g). The motion is timely. Unless the Court is inclined to grant such a motion, the Defendants need not file a Response. The Court does not ask for Response and denies the motion.

Motions for reconsideration are appropriate only in rare circumstances, such as where the Court is: "(1) presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va.1983).

For example, a motion to reconsider would be appropriate where the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the court. Such problems rarely arise and the motion to reconsider should be equally rare. *Id., see also, Sullivan v. Faras-RLS Group, Ltd.*, 795 F. Supp. 305, 308-09 (D. Ariz. 1992).

Plaintiffs argue that disputed material questions of fact exist precluding summary judgment. The Court committed clear error by granting summary judgment by removing disputed questions of fact from the fact-finder. Plaintiffs ask for reconsideration of the case only as to Defendant Kim "because the Court held that Plaintiffs' logic might prevail, if the Court found that Plaintiffs presented evidence to support the conspiracy and alter ego claims against Kim." (Motion (Doc. 496) at 5 n. 1 (citing Order (Doc. 490) at 31.) The Court, however, was merely noting that Plaintiffs argued Chung knew everything Kim knew, was equally responsible for everything Kim did, and relied on the same evidence to support the claims against both Kim and Chung. The Court did not find that Chung in fact knew everything Kim knew or was equally responsible for actions allegedly taken by Kim. The Court simply noted that if it had found evidence to support Plaintiffs' claims against Kim, then Plaintiffs' logic for asserting claims against Chung might be more persuasive. Reconsideration of claims against Kim does not necessarily resuscitate claims against Chung, but that is not an issue because the Court denies the Motion for Reconsideration.

The Plaintiffs argue that the Court's lengthy analysis of the evidence in the record indicates that the case is fact intensive which ordinarily means it is not suitable for summary judgment. The Plaintiffs ignore that the Court's lengthy recitation of the evidence was limited to the evidence proffered by the Plaintiffs as supporting the claims against Kim and Chung. The Court did not weigh the evidence proffered by the Plaintiffs against evidence proffered by the Defendants and consider the merits of the claims, which

would be improper on summary judgment. Instead, finding as Plaintiffs argued that the underlying tort claim of fraudulent inducement by misrepresentation was established by default against Jeoung and the Matinee Project acting as alter ego for Juoung, the Court considered whether there was evidence to support Plaintiffs' allegations that Kim and Chung were coconspirators. Alternatively, the Court considered whether there was evidence to support the claim that the Matinee Project was the alter ego of Kim and Chung.

The Court found that Plaintiffs failed to present evidence to support the assertion that Chung and Kim agreed to participate in the conspiracy to fraudulently induce advance payments from Plaintiffs to Matinee. In short, the Court did not agree with Plaintiffs that the evidence they proffered showed Kim knew the Plaintiffs' advance payments would not be used to construct the solar project and did not show Kim agreed with at least one other person to accomplish this fraudulent inducement. The Court found that evidence proffered by Plaintiffs did not show that Kim had a unity of interest with the Matinee Project, especially there was no evidence that Kim received any personal financial benefit from the relationship or that funds were diverted from the Matinee Project for Kim's personal use.

The Court did note in the Order, both Defendants' statement of facts supporting their motions for summary judgment, but the Court's analysis hinged on the Plaintiffs' statement of facts and supporting evidence. (Order (Doc. 490) at 20-34.) For example, on reconsideration, the Plaintiffs criticize the Court's assumption for purpose of the summary judgment analysis that "'Jeoung controlled the money flowing into Matinee for the Matinee Project'" because "there is no evidence in the record, except for Mr. Kim's self-serving statements, to support this assumption." (Motion (Doc. 496) at 6.) As proof that Kim, not Jeoung, had the ultimate authority to control financial matters at Matinee, including the management of bank accounts, the Plaintiffs submit on reconsideration, as they did before, evidence that Kim approved the appointment of Jeoung's wife as "President West Region." Plaintiffs include an email from Kim stating that "I am very glad that Kyung has accepted the new position of a critical importance to our Matinee Energy operation. In addition, her added responsibility of handling ever increasing number of our key Trust accounts. All in

all, Matinee Energy is so fortunate to have Kyung?" *Id.* (citing SSOF ¶ 3 (Doc. 480) at 40-41.) Ignoring the inconsistency of Plaintiffs' criticism here with its reliance on the default against Jeoung and Matinee to prove the underlying tort, the Court finds now, as it did before, that the evidence related to Jeoung's wife does not support even an inference that Kim, not Jeoung, had the ultimate authority to control financial mattes of Matinee, including management of the Matinee bank accounts.

On reconsideration, the Plaintiffs correctly note that it is a question of fact whether Kim or Jeoung controlled the bank accounts of Matinee and questions of fact are to be decided by a jury as fact finder, but Plaintiffs ignore the remainder of the standard for summary judgment.

> The moving party is under no obligation to negate or disprove matters on which the non-moving party bears the burden of proof at trial. *Id.* at 325. Rather, the moving party need only demonstrate that there is an absence of evidence to support the non-moving party's case. *Id.* If the moving party meets its burden, it then shifts to the non-moving party to 'designate 'specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed.R.Civ.P. 56(e)). To carry this burden, the party opposing a motion for summary judgment cannot rest upon mere allegations or denials in the pleadings or papers. *Anderson*, 477 U.S. at 252. The non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "The mere existence of a scintilla of evidence ... will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

(Order (Doc. 490) at 8.) This is the standard the Plaintiffs failed to meet. Summary judgment is appropriate to avoid wasteful trials, *Rand v. Rowland,* 154 F.3d 952, 956-957 (9th Cir. 1998), and is why the Court granted summary judgment for the Defendants.

**Accordingly,**

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 496) is DENIED.

Dated this 7th day of August, 2019.

_____
Honorable David C. Bury
United States District Judge